UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                                Plaintiff,<br><br>vs.<br><br>TULARE COUNTY SUPERIOR COURT AND ITS CLERK'S OFFICE; COURT CLERKS; JOHN DOE 1-1000,<br><br>                              Defendants. | Case No.:  3:25-cv-01611-AJB-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at California Medical Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff has not filed a motion to proceed *in forma pauperis* ("IFP") in this matter, nor has he paid the initial civil filing fee required by 28 U.S.C. § 1914(a). For the reasons explained below, the Court **DISMISSES** the case.

**I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

      Any person filing a civil case such as this one must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[1] The case may only go forward without the plaintiff paying the entire

---

[1] In addition to the $350 statutory fee, civil plaintiffs must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14

filing fee if the court grants him permission to proceed IFP—which means as a person without the money or resources to afford it. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*"); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

The statute that sets out the rules for this is 28 U.S.C. § 1915(a). Section 1915(a)(2) requires all persons who want to pursue a case without paying the filing fee to file a an affidavit that includes a statement of all assets, or things of value, the plaintiff possesses, and demonstrates his inability to pay the filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The Prison Litigation Reform Act ("PLRA") also requires prisoners to submit a certified copy of their trust fund account statement, or an institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). "While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)–(2)).

Plaintiff has not paid the $405 filing and administrative fee required. He has also failed to file a properly supported motion to proceed IFP. *See Escobedo*, 787 F.3d at 1234. Therefore, his case cannot continue. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

///

///

---

(eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

## II. LEAVE TO PROCEED IFP

Even if the Court granted Plaintiff leave to file a motion to proceed IFP, however, it finds he is not entitled to that privilege for the reasons set out below.

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments for the suits or appeals they launch, *see Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (citing 28 U.S.C. § 1915(b)(1)–(2), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the PLRA also amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subdivision is commonly known as the "PLRA's 'three strikes' rule." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1. The PLRA furthers "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether

the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). In addition to being "imminent," that danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

**B.  Discussion**

The Court has reviewed Plaintiff's Complaint and finds it fails to contain any "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Rather, Plaintiff alleges he was arrested based on a fraudulent arrest warrant affidavit, and is the victim of a conspiratorial and discriminatory Alameda County criminal prosecution. *See* ECF No. 1 at 17–19. Curiously, however, he seeks to sue the Tulare County Superior Court and its Clerk's Office for subsequently refusing to "void" that conviction. *Id.* at 1, 3–4.

Thus, while Plaintiff has not moved to proceed IFP in this case; it would be futile for him to do so. Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP. *Andrews*, 398 F.3d at 1119. However, "in some instances, the district court docket may be sufficient to show that [] prior dismissal[s] satisfy[y] at least one on the criteria under § 1915(g)" and therefore count as strikes against him. *Id.* at 1120. That is true here.

///

///

Based on the dockets of many court proceedings available on PACER,[2] this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three strikes permitted by Section 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP

---

[2] *See Kim v. Allison,* 87 F.4th 994, 998 n.3 (9th Cir. 2023) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that courts may take judicial notice of undisputed "matters of public record")).

5
3:25-cv-01611-AJB-AHG

status"). When a prisoner-litigant "has accumulated three prior dismissals on statutorily enumerated grounds[,] . . . a court may not afford him *in forma pauperis status* with respect to his additional civil actions." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). This is because "court permission to proceed IFP is itself a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

### III. CONCLUSION

Accordingly, the Court:

(1) **DISMISSES** this case based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a); and

(2) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal, close the file, and accept no further documents for filing in this matter except a timely Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: August 4, 2025

Hon. Anthony J. Battaglia
United States District Judge